UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/18/2023
```

UNITED STATES OF AMERICA,

    -against-

DWIGHT SIMMONS,

                  Defendant.

No. 17-CR-785-2 (NSR)
No. 20-CV-1867 (NSR)

ORDER AND OPINION

NELSON S. ROMÁN, United States District Judge

    On May 3, 2019, the Court sentenced Defendant Dwight Simmons ("Defendant" or "Simmons"), pursuant to a plea agreement, for a violation of Count Three of the Superseding Indictment (the "Superseding Indictment"). (*See* ECF No. 59, Judgment; ECF No. 20 ("Superseding Indictment")). Count Three charged Defendant with brandishing a firearm during and in relation to a crime of violence, to wit, a Hobbs Act robbery, in violation of 18 U.S.C. § 924(c)(1)(A)(ii).[1] (*See* Judgment; Superseding Indictment.) Defendant was sentenced to a term of 84 months' imprisonment, followed by five years of supervised release. (*See* Judgment.)

    On February 28, 2020, Defendant filed a *pro se* petition pursuant to 28 U.S.C. § 2255 (the "2255 Petition") to set aside his sentence, arguing that the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019), which was issued after Defendant's sentencing and which held that the residual clause in § 924(c)'s definition of "crime of violence" is unconstitutionally vague, entitles him to vacatur of his sentence. (*See* ECF No. 64, "Def's Mem." at 1–2.) The Government filed a

---

[1] Count Three of the Superseding Indictment states in relevant part: "On or about August 12, 2017, in the Southern District of New York and elsewhere, . . . Dwight Simmons, a/k/a/ "Dee", a/k/a/ "D,". . . during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, namely, the robbery charged in County Two of this Indictment, knowingly did use and carry a firearm, and, in furtherance of such crime, did possess a firearm, and did aid and abet the sue, carrying and possession of a firearm, which was brandished during the robbery charged in County Two of this Indictment." (Superseding Indictment.) Count Two of the Superseding Indictment charged Defendant with Hobbs Act robbery. (*Id.*)

response to the petition on May 4, 2020. (ECF No. 66, "Gov't Opp.".) For the following reasons, Defendant's petition is DENIED in its entirety.

## **LEGAL STANDARD**

A petition under 28 U.S.C. § 2255 is an extraordinary remedy. *See Moyhernandez v. United States*, No. 02 Civ.8062 MBM, 2004 WL 3035479 (S.D.N.Y. Dec. 29, 2004). 28 U.S.C. § 2255(a) provides that:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

§ 2255(b) provides, in relevant part:

> If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

A plain reading of the statute contemplates providing a mechanism to detained individuals who seek judicial relief from a wrongfully imposed sentence. It is well settled that § 2255 provides a collateral remedy and not a remedy for an appeal such that it can used to challenge the sufficiency of the evidence. *See, Dansbay v. United States*, 291 F. Supp. 790 (S.D.N.Y. 1968); *see also Bousley v. United States*, 523 U.S. 614, 621 (1998).

**DISCUSSION**

Defendant makes the instant 2255 Petition in order to vacate his conviction under Count Three of the Superseding Indictment, which charges him with unlawful firearms use in furtherance of a Hobbs Act robbery, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). (*See* Superseding Indictment.)

Defendant argues that the U.S. Supreme Court's ruling in *United States v. Davis*, 139 S. Ct. 2319 (2019), which held that the residual clause in § 924(c)'s definition of "crime of violence" is unconstitutionally vague, entitles him to vacatur of his sentence and makes him eligible for a re-sentencing. (Def.'s Mem. at 1–2.) The Government, on the other hand, argues that Defendant's 2255 Petition must be denied because (i) Defendant is procedurally barred from challenging his conviction because he did not appeal his final judgment of conviction and (ii) Defendant's conviction was not obtained in violation of the Supreme Court's ruling in *Davis*. (*See* Gov't Opp. at 2–5.)

Putting aside the parties' arguments regarding whether Defendant is procedurally barred from making his 2255 Petition,[2] the Court finds that Defendant's petition should be denied because his conviction does not violate the Supreme Court's ruling in *Davis*.

---

[2] In any event, the Court finds that Defendants 2255 Petition is procedurally barred because he did not challenge his conviction on direct appeal, and has not established cause and prejudice for his failure to do so. It is well established that a "collateral challenge may not do service for an appeal" and that "[w]here a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either [1] cause and actual prejudice or [2] that he is actually innocent." *Gupta v. United States*, 913 F.3d 81, 84 (2d Cir. 2019) (citations and quotation marks omitted). Defendant acknowledges that he did not file an appeal, but he argues that he has cause for failing to do so because Second Circuit case law at the time of his sentencing rejected void-for-vagueness challenges to § 924(c)'s residual clause definition of "crime of violence". (*See* Def's Mem. at 4-5). However, "many courts in this Circuit have held that defendants' failure to challenge their conviction pursuant to [*Johnson v. United States*, 135 S. Ct. 2551 (2015)] on direct appeal precludes reliance on *Davis* in a collateral proceeding, because *Johnson* provided all of the "tools to construct" a constitutional vagueness challenge to a conviction under the residual clause prior to Davis." *United States v. McCarron*, No. 15CR257ADSAYS, 2020 WL 2572197, at *5 (E.D.N.Y. May 20, 2020), *aff'd*, No. 20-1726, 2023 WL 1873250 (2d Cir. Feb. 10, 2023) (citing cases); *see also Mayes v. United States*, No. 12-CR-0385, 2019 WL 6307411, at *2 (E.D.N.Y. Nov. 25, 2019) ("Mayes had all of the tools to construct a constitutional vagueness challenge to § 924(c)(3)(B) before Davis was decided, so *Davis* also does not provide cause . . . . Finally, the fact that *Barrett* was initially decided by the Second Circuit contrary to Mayes's position does not provide cause, as futility cannot constitute cause if it means simply that a claim was 'unacceptable to that particular court at that particular time.") (omitting citations and quotations) (cleaned up.)

The statute of conviction challenged here, § 924(c), imposes penalties for possessing, using, or carrying a firearm in furtherance of a "crime of violence". Before *Davis*, a "crime of violence" was defined in 18 U.S.C. § 924(c)(3) under two subsections: "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another"; or "(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." *See* 18 U.S.C. § 924(c)(3)(A) and (B). Subparagraph (B) was known as the "risk of- force clause" or the "residual clause." *See United States v. Hendricks*, 921 F.3d 320, 327 & n.25 (2d Cir. 2019); *United States v. Hill*, 890 F.3d 51, 54 n.5 (2d Cir. 2018)).

In *Davis*, the Supreme Court struck down § 924(c)(3)(B) as unconstitutionally vague. *See* 139 S. Ct. at 2336. After *Davis*, an offense may now only constitute a "crime of violence" upon which a § 924(c) conviction may be predicated if the offense satisfies 18 U.S.C. § 924(c)(3)(A), otherwise known as the statute's "elements clause." *Abad v. United States*, No. 1 CRIM. 831 (GBD), 2023 WL 3901528, at *2 (S.D.N.Y. June 8, 2023) (citing *Davis*, 139 S.Ct. at 2324 (citing 18 U.S.C. § 924(c)(3)(A)).

Here, the predicate crime underlying Defendant's § 924 conviction was Hobbs Act robbery, as described in Count Two of the Superseding Indictment. (ECF No. 20.) Post *Davis*, the Second Circuit along with courts within the Circuit have held that Hobbs Act robbery is a crime of violence under the elements clause in § 924(c). *See, e.g., United States v. Hill*, 890 F.3d 51, 60 (2d Cir. 2018) ("Hobbs Act robbery 'has as an element the use, attempted use, or threatened use of physical force against the person or property of another.'") (quoting 18 U.S.C. § 924(c)(3)(A)); *see also United States v. Bernard*, No. 98-CR-500-FB, 2023 WL 184443, at *2 (E.D.N.Y. Jan. 13, 2023) ("The Court

4

. . . rejects Bernard's argument that completed Hobbs Act robbery is no longer a valid predicate for a § 924(c) conviction."); *United States v. Piparo,* No. 11 CRIM. 18 (GBD), 2019 WL 3554261, at *7 (S.D.N.Y. Aug. 5, 2019) ("Because Defendant's Hobbs Act robberies are categorically 'crimes of violence,' his 7-year mandatory consecutive sentence enhancement pursuant to § 924(c) was also appropriate."); *Abad*, 2023 WL 3901528, at *2 (upholding conviction under § 924(c) predicated on Hobbs Act robbery).

Therefore, the Court finds that Defendant's sentence does not violate the Supreme Court's ruling in *Davis*, and therefore, denies the instant 2255 Petition.

## **CONCLUSION**

For the foregoing reasons, Defendant's petition pursuant to 28 U.S.C. § 2255 to vacate his conviction is DENIED in all respects. The Clerk of the Court is directed to terminate the motion at ECF Number 64 in docket number 17-CR-785-2 (NSR).  The Clerk of the Court is also directed to enter Judgment and terminate 7:20-CV-1867 (NSR).

As Defendant has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not be issued.  *See* 28 U.S.C. § 2253(c)(2); *Love v. McCray*, 413 F3d 192, 195 (2d Cir. 2005); *Lozada v. United States*, 107 F3d 1011, 1017 (2d Cir. 1997), abrogated on other grounds by *United States v. Perez*, 129 F3d 225, 259-60 (2d Cir. 1997). The Court certifies pursuant to 18 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 US 438, 444-45 (1962).

The Clerk of the Court is directed to mail a copy of this order to *pro se* Defendant at the following address, and show service on the docket; Dwight Simmons, Register Number 79942-054, F.C.I. Gilmer, P.O. Box 6000, Glenville, WV 26351.

Dated: July 18, 2023
      White Plains, NY

SO ORDERED:

_____
HON. NELSON S. ROMÁN
UNITED STATES DISTRICT JUDGE